**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHARLES JACOB DITARANTO, DARCIE A. DITARANTO,**
        **Plaintiffs,**

**-vs-**                                          **Case No. 6:10-cv-403-Orl-28KRS**

**CITY OF DEBARY, FLORIDA,**
        **Defendant.**

## ORDER

This cause is before the Court on the motion to dismiss (Doc. 5) filed by Defendant, City of Debary, Florida ("the City"). Also before the Court is the motion to remand (Doc. 10) filed by Plaintiffs, Charles Jacob Ditaranto and Darcie A. Ditaranto.

### I. Factual Background

On February 18, 2010, Plaintiffs filed a ten-count Complaint in the Circuit Court of the Eighteenth Judicial Circuit in and for Volusia County, Florida, alleging that the City engaged in conduct that culminated in the flooding of Plaintiffs' home. (Compl., Doc. 4). The City filed a Notice of Removal with this Court on March 16, 2010, asserting that this Court has original jurisdiction under 28 U.S.C. § 1331 on the basis of Count X, which alleges a § 1983 claim against the City for "depriv[ing] Plaintiffs of their rights to the peaceful enjoyment of their home and . . . subject[ing] the Plaintiffs to the selective enforcement of its zoning ordinances without merit." (Doc. 1 at 1-2). The City has now moved to dismiss Count X for failure to state a cause of action upon which relief can be granted. (Doc. 5).

### II. Standard of Law

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III.  Analysis

In total, Count X reads as follows:

85. This is a cause of action brought pursuant to Title 42 United States Code Section 1983.
86. The Plaintiffs are citizens of the United States.
87. Defendant has caused or subjected Plaintiffs to be deprived of rights and privileges which are secured to them by the Constitution of the United States.
88. Defendant deprived Plaintiffs of their rights to the peaceful enjoyment of their home and has subjected the Plaintiffs to the selective enforcement of its zoning ordinances without merit.

(Compl. ¶¶ 85-88). Initially, the City moved to dismiss Count X of the Complaint under the assumption that Plaintiffs were asserting a takings claim and an equal protection claim based upon a "class of one." (Doc. 5 at 1). However, in their Response to the motion to dismiss, Plaintiffs clarified that Count X is "neither a taking[s] claim nor an equal protection claim

based on a class of one." (Doc. 9 at 1). Plaintiffs then state that Count X "is a simple cause of action for the violation of Plaintiffs' civil rights to the peaceful enjoyment of their property, by the City of Debary having brought numerous zoning ordinance violations, when there were no violations whatsoever." (Id. at 2). In its Reply, the City argues that Count X is an impermissible attempt by Plaintiffs to assert a cause of action for a violation of their procedural due process rights. (Doc. 20 at 2-3).

"[A] procedural due process violation is not complete 'unless and until the State fails to provide due process.'" McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994) (quoting Zinermon v. Burch, 494 U.S. 113, 126 (1990)). "In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under [§] 1983 arise." Id. Accordingly, even if a plaintiff has suffered a deprivation by the state without due process, that plaintiff's procedural due process rights have not been violated unless the state fails to provide a means to remedy the deprivation. Id.

In this action, Plaintiffs have not alleged–nor could they in good faith—that inadequate means are available in the state courts to remedy any perceived procedural due process violations by the City for its bringing of "numerous zoning ordinances violations" against Plaintiffs. Section 162.11, Florida Statutes, provides that "[a]n aggrieved party, including the local governing body, may appeal a final administrative order of an enforcement board to the circuit court." §162.11, Fla. Stat. Clearly, Florida law provides Plaintiffs with a procedural means by which they could challenge the zoning violations brought against them. Because

"Florida courts possess the power to remedy any deficiency" in the process complained of, an adequate remedy could have been obtained by Plaintiffs, and they cannot now claim that they were denied procedural due process. McKinney, 20 F.3d at 1565. Viewing the Complaint in the light most favorable to Plaintiffs, the Court finds that in Count X Plaintiffs have not stated a claim for relief that is plausible on its face. Accordingly, the Court grants the City's motion to dismiss Count X.

### IV. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The City's Motion to Dismiss (Doc. 5) is **GRANTED**. Count X is **DISMISSED WITHOUT PREJUDICE**.

2. Count X is the only count in the Complaint over which this Court has original jurisdiction. That count has now been dismissed, and pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, this case is hereby **REMANDED** to the Eighteenth Judicial Circuit in and for Volusia County, Florida, Case No. 2010-10781-CIDL.

3. Plaintiffs' Motion to Remand (Doc. 10) is **DENIED as MOOT**.

4. The Clerk shall thereafter close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 12th day of May, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to Counsel of Record